Kevin R. Sutherland (State Bar No. 163746)
Christian T. Johnson (State Bar No. 288198)
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
Email: kevin.sutherland@clydeco.us
      christian.johnson@clydeco.us

Attorneys for Defendant
CHINA SOUTHERN AIRLINES COMPANY LIMITED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LEUNG, by and through his conservator and guardian *ad litem*, Jim Leung; and JIM LEUNG, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>CHINA SOUTHERN AIRLINES COMPANY LIMITED; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.: 8:19-cv-00154<br><br>NOTICE OF REMOVAL OF CHINA SOUTHERN AIRLINES COMPANY LIMITED TO UNITED STATES DISTRICT COURT<br><br>Trial Date: None<br>Complaint Filed: November 19, 2018 |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant China Southern Airlines Company Limited (hereinafter "China Southern"), by and through its attorneys, Clyde & Co US LLP, hereby removes this pending action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California on the following grounds:

**INTRODUCTION**

1. On November 19, 2018, plaintiffs William Leung and Jim Leung filed with the Superior Court of the State of California for the County of Los Angeles a complaint bearing Case No. 18STCV05474 (hereinafter "the Complaint"). *See*

Declaration of Christian T. Johnson filed concurrently herewith (hereinafter "Johnson Decl."), ¶ 3, Exhibit A.

2. On January 3, 2019, plaintiff served China Southern with a copy of the summons and Complaint. *See* Johnson Decl., ¶ 4, Exhibit B.

3. Pursuant to 28 U.S.C. Section 1446(b), the deadline to remove a state court action to federal court is within thirty days after the receipt by the defendant of a complaint that provides a basis to remove or, if the initial complaint does not provide such a basis, thirty days from receiving an amended pleading, motion, order, or other paper that provides a basis to remove the case to federal court.

4. February 2, 2019 is thirty days after the date China Southern was served with the summons and Complaint. Because this Notice of Removal was filed prior to February 2, 2019, this removal is timely under 28 U.S.C. Section 1446(b).

5. To remove an action to federal court, "all defendants who have been properly joined and served" must consent to the removal. 28 U.S.C. § 1446(b)(2)(A). China Southern is the only non-fictitious defendant in this action. The remaining defendants are "Doe" defendants, who have not been joined in this action and, to the best of China Southern's knowledge, have not been served with process. Accordingly, no other party is required to consent to this removal.

# I

## THIS COURT HAS DIVERSITY JURISDICTION BASED UPON 28 U.S.C. SECTIONS 1332 AND 1441

6. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 based on the diversity of citizenship between the parties. Pursuant to 28 U.S.C. Section 1441(a), this case may be removed by China Southern because it is a civil action between citizens of the State of California and a citizen of a foreign state, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. As demonstrated

below, because all requirements to remove this action are satisfied, this Court has original jurisdiction over this action and this case may be removed to this Court under 28 U.S.C. Sections 1332, 1441 and 1446.

### A. *Diversity of Citizenship*

7. For purposes of diversity jurisdiction, complete diversity exists between citizens of a state and citizens of a foreign state. *See* 28 U.S.C. § 1332(a)(2); *see also Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1055 n.3 (9th Cir. 2013) (holding that diversity jurisdiction exists in an action between a Nevada citizen and a foreign corporation).

8. A person's domicile determines his or her state citizenship for purposes of diversity jurisdiction. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). An individual's domicile is determined by evaluating a number of factors, including the place of the person's residence, employment, property and payment of taxes. *Lew v. Moss*, 79d7 F.2d 747, 750 (9th Cir. 1986). Investigation by defense counsel may be used to support an allegation of plaintiffs' domicile for purposes of establishing diversity jurisdiction. *See, e.g., Hamilton San Diego Apartments v. RBC Capital Markets Corp.*, No. 312CV2259JMBLM, 2012 WL 12863116, at *3 (S.D. Cal. Dec. 4, 2012); *Brinkman v. Schweizer Aircraft Corp.*, No. CV 10-04601-MHP, 2011 WL 863499, at *2 (N.D. Cal. Mar. 10, 2011).

9. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the foreign state in which it has been incorporated and where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 92 (2002); *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 773 (9th Cir. 1992).

10. China Southern is and was at all times relevant to this action a foreign corporation organized and existing under the laws of the People's Republic of China, with its principal place of business in Guangdong Province, the People's Republic of China. *See* Johnson Decl., ¶ 6. Accordingly, for purposes of diversity

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

jurisdiction, China Southern is a citizen of a foreign state. *See* 28 U.S.C. § 1332(c)(1).

11. Counsel for China Southern conducted an investigation and has concluded that plaintiffs William Leung and Jim Leung are not domiciled in People's Republic of China; instead, they are domiciled in the State of California. Based on this investigation, Counsel for China Southern has determined that William Leung presently resides in California with his father, Jim Leung. *See* Johnson Decl., ¶ 7. Further, the Complaint alleges that William Leung was issued a Disabled Person Placard Identification Card by the California Department of Motor Vehicles, which was in effect on the date of the incidents alleged in the Complaint. *See* Johnson Decl., ¶ 3, Exhibit A, ¶ 7. In addition, based on this investigation, counsel for China Southern has determined that Jim Leung currently resides in California, pays California State taxes, is employed in California and owns property in the State of California. *See* Johnson Decl., ¶ 8.

12. The defendants identified in the complaint as Does 1 to 50 are merely fictitious parties against whom no valid claim can be alleged. Pursuant to 28 U.S.C. Section 1441(b), the citizenship of the defendants sued under fictitious names shall be disregarded.

13. Accordingly, since plaintiffs are citizens of the State of California and China Southern is a citizen of a foreign state, there exists complete diversity of citizenship between these parties for purposes of establishing diversity jurisdiction under 28 U.S.C. Section 1332(a)(2).

**B.** ***Amount in Controversy***

14. Where an amount in controversy is not stated in a complaint, the removing defendant must show by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold under 28 U.S.C. Section 1332. *See*, *e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *see also* 28 U.S.C. § 1446(c)(2)(B). Under this standard, the defendant

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

1 must show, based on allegations in the complaint or by use of extrinsic evidence, that it is "more likely than not that the amount in controversy exceeds [the jurisdictional amount]." *Guglielmino*, 506 F.3d at 699.

15. The defendant can meet this burden by showing that it is "facially apparent" based on the allegations in the complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In addition, a settlement demand can be used to establish an amount in controversy if the demand appears to reflect a reasonable estimate of a plaintiff's claim. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

16. Here, plaintiffs seek to recover from China Southern all of the economic and noneconomic damages they allegedly sustained due to the subject incident, as well as punitive damages. *See* Johnson Decl., ¶ 3, Exhibit A, pp. 17-18; *see also Kammerdiener v. Ford Motor Co.*, No. 09-cv-2180 (PSG), 2010 WL 682297 (C.D. Cal. Feb. 24, 2010) (holding that when determining an amount in controversy, courts must take into account claims for punitive damages). In addition, based on plaintiffs' prior settlement demand, plaintiffs seek general damages from China Southern in a sum in excess of US$75,000. *See* Johnson Decl., ¶ 9. Accordingly, it cannot be reasonably disputed that the amount in controversy in this case exceeds the jurisdictional minimum of $75,000.

17. In light of the foregoing, because there is complete diversity between plaintiffs and China Southern and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. Sections 1332(a)(2) and 1441(a).

/ /
/ /
/ /
/ /
/ /

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

# II

# THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. SECTION 1331 BECAUSE PLAINTIFFS' COMPLAINT ARISES UNDER A TREATY OF THE UNITED STATES

18. This is an action over which the Court has original jurisdiction based on the existence of a federal question under 28 U.S.C. Section 1331. The United States is a state party to a treaty known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 333292734 (hereinafter "Montreal Convention").

19. Pursuant to the Montreal Convention, "international carriage" includes carriage where the place of departure and the place of destination are: (1) within two different State Parties; or (2) within the territory of a single State Party if there is an "agreed stopping place within the territory of another State, even if that State is not a State Party." Montreal Convention, Art. 1(2).

20. On the date of the incidents alleged in the Complaint, plaintiffs were travelling pursuant to passenger tickets providing for roundtrip transportation from and to Los Angeles, California, with intermediate stopping places in Guangzhou, People's Republic of China, and Ho Chi Minh City, Vietnam. *See* Johnson Decl., ¶ 10, Exhibit D.

21. Accordingly, the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Montreal Convention and the rights of plaintiffs and China Southern are governed exclusively by the provisions of the Convention. *See* Montreal Convention, Art. 29; *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161, 169 (1999) (holding that "recovery for a personal injury suffered 'on board [an] aircraft or in the course of any of the operations of embarking or disembarking,' if not allowed under the Convention, is not available at all") (internal citations omitted); *Narayanan v.*

1 *British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014) (holding that the Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers").

22. In light of the foregoing, because plaintiffs' claims arise under the Montreal Convention, which provides the exclusive remedy for their claims against China Southern, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. Sections 1331 and 1441(a). *See Fadhliah v. Societe Air France*, 987 F. Supp. 2d 1057, 1063–64 (C.D. Cal. 2013) (holding that Air France properly removed the case to federal court because "the Montreal Convention . . . provide(s) the exclusive cause of action against Air France and . . . the Court thus has federal-question jurisdiction under the complete-preemption doctrine).

## CONCLUSION

WHEREFORE, defendant China Southern prays that the above-entitled action now pending in the Superior Court of California for the County of Los Angeles be removed to this Court pursuant to 28 U.S.C. Sections 1331, 1332(a)(2) and 1441(a).

Dated: January 25, 2019

CLYDE & CO US LLP

By: _____
KEVIN R. SUTHERLAND
CHRISTIAN T. JOHNSON
Attorneys for Defendant
CHINA SOUTHERN AIRLINES
COMPANY LIMITED

# PROOF OF SERVICE

## STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

I am a employed in the County of San Francisco, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 101 Second Street, 24th Floor, San Francisco, California 94105.

On January 25, 2019, I served the document(s) described as:

**NOTICE OF REMOVAL OF CHINA SOUTHERN AIRLINES COMPANY LIMITED TO UNITED STATES DISTRICT COURT**

on the parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

in the following manner:

☐ **(BY FAX):** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ **(BY MAIL):** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐ **(BY PERSONAL SERVICE):** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☒ **(BY CM/ECF):** by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action:

I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 25, 2019, at San Francisco, California.

*/s/ Sonja L. Gray*
Sonja L. Gray

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

4598317

-8-
NOTICE OF REMOVAL OF CHINA SOUTHERN

# SERVICE LIST

RONALD A. YARRIS, Esq. (SBN 110143)
Law Office of Ronald A. Yarris
1101 W. Valley Blvd., Suite 210
Alhambra, California 91803
Tel: (626) 288-5543
Attorneys for Plaintiff